UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CASE NO.: _____

**JOHN DOE**,

  Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A**,

  Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, ▮▮▮▮ ("Plaintiff") [1], by and through its undersigned counsel, brings this Complaint against Defendants, THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" hereto[2] (collectively "Defendants"), who are promoting, selling, offering for sale and distributing goods bearing or using unauthorized reproductions or derivatives of Plaintiff's patented design within this district through various Internet based e-commerce stores using the seller identities as set forth on Schedule "A" hereto (the "Seller IDs"), and in support of her claims, alleges as follows:

## SUMMARY OF THE ACTION

1. Plaintiff brings this action for willful design patent infringement under 35 U.S.C. §

---

[1] Since it is unknown when Plaintiff's forthcoming Ex Parte Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets will be ruled on, Plaintiff's name and other identifying information has been removed to prevent Defendants from getting advance notice. Infringement lawsuits like this one are closely monitored by Chinese defendants on websites like www.sellerdefense.cn, social media (QQ, WeChat, etc.), and elsewhere on the internet. The www.sellerdefense.cn website and others warn infringers specifically of product types, brands, law firms filing cases, and other information necessary for defendants, like those named in this case, to evade Plaintiff's anti infringement efforts and hide their ill-gotten gains.

[2] Omitted in initial filing. Plaintiff will file a motion for leave to file certain documents, including Schedule A, under seal.

271 committed in violation of the Plaintiff's exclusive rights to make, use, offer to sell, or sell Plaintiff's patented invention, within the United States or for importation into the United States any patented invention during the term of the patent-in-suit, and for all the remedies available under 35 U.S.C. §§ 283, 284, and 285, The All Writs Act, 28 U.S.C. § 1651(a), and Illinois's common law.

## SUBJECT MATTER JURISDICTION

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3. This Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 35 U.S.C. § 271.

## PERSONAL JURISDICTION

4. Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Illinois and this district, through at least the internet-based e-commerce stores accessible in Illinois and operating under their Seller ID's.

5. Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of Illinois cause Plaintiff injury in Illinois, and Plaintiff's claims arise out of those activities.

6. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants

are not residents in the United States and therefore there is no district in which an action may otherwise be brought. Defendants are thus subject to the Court's personal jurisdiction.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this judicial district and therefore subject to the Court's personal jurisdiction.

## THE PLAINTIFF

10. Plaintiff is domiciled and residing in China. Plaintiff owns and operates his business.

11. Plaintiff is a person dedicated to offering innovative, ▮▮▮▮▮▮▮▮▮▮.

12. Plaintiff offers for sale and sells his products within the state of Illinois, including this district, and throughout the United States.

13. Like many other intellectual property rights owners, Plaintiff suffers ongoing daily and sustained violations of its intellectual property rights at the hands of infringers, such as Defendants herein.

14. Plaintiff is harmed, the consuming public is duped and confused, and the Defendants earn substantial profits in connection with the infringing conduct.

15. In order to combat the harm caused by the combined actions of Defendants and others engaging in similar infringing conduct, Plaintiff expends significant resources in connection with its intellectual property enforcement efforts, including legal fees and investigative fees.

16. The recent explosion of infringement over the Internet has created an environment

that requires intellectual property owners like Plaintiff to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and him from the ill effects of infringement of Plaintiff's intellectual property rights, including consumer confusion and the erosion of Plaintiff's brand.

## PLAINTIFF'S PATENT RIGHTS

17. Plaintiff owns all right, title, and interests in, and/or has standing to sue for infringement of U.S. Patent No. ▮▮▮ entitled "▮▮▮" and U.S. Patent No. US ▮▮▮ entitled "▮▮▮" (the "▮▮▮"). The ▮▮▮ was issued on ▮▮▮, and ▮▮▮ was issued on ▮▮▮. A true and correct copy of the ▮▮▮ is attached as **Exhibit 1**, and the ▮▮▮ is attached as **Exhibit 2**.[3]

18. Plaintiff has never granted authorization to anyone to import, make, use, or sell goods using Plaintiff's aforementioned patents.

## DEFENDANTS

19. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

20. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois. See **Exhibit 3** attached hereto which contains true and

---

[3] Exhibits 1 and 2 are omitted in initial filing.

correct copies of screenshot printouts showing the active e-commerce stores for each of the Defendants. The products shown on said Exhibit 3 are the Infringing Products, and are separated as to each individual Defendant.[4]

21. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patent in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same infringing products with minor variations as well as similar if not identical product images and descriptions as shown below:

| ███████████████ | Sample of Infringing Products |
|---|---|
| ███████████████ | ███████████████ |
| ███████████████ | Sample of Infringing Products |

---

[4] Exhibit 3 is omitted in initial filing.



22. The tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

23. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

24. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features beyond selling the exact same infringing product, including the same product images, the accepted payment methods, check-out methods, lack of contact information, identically or similarly priced items, and the use of the same text and images.

25. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

26. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

27. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Patents, and continue to do so via Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

28. Defendants' infringement of the Patents in the offering to sell, selling, or importing of the Infringing Products was willful.

29. Defendants' infringement of the Patents in connection with the offering to sell,

selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

### JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

30. Defendants are the individuals, partnerships, and unincorporated associations set forth on Schedule "A" hereto.

31. Defendants are promoting, selling, offering for sale and distributing bearing or using unauthorized reproductions or derivative works of Plaintiff's Patented Work within this district.

32. Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in the action.

33. Joinder of the multiple Defendants listed in Schedule "A" attached hereto is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

34. Joinder of the multiple Defendants listed in Schedule "A" attached hereto serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiff, Defendants, and this Court.

35. Joinder of the multiple Defendants listed in Schedule "A" attached hereto will not create any unnecessary delay nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice to Plaintiff and Defendants alike.

36. Joinder of the multiple Defendants listed in Schedule "A" is procedural only and not

affect the substantive rights of any Defendants listed on Schedule "A" hereto.

37. This Court has jurisdiction over the multiple Defendants listed in Schedule "A" hereto. Venue is proper in this Court for this dispute involving the multiple Defendants listed in Schedule "A" hereto.

38. Plaintiff's claims against the multiple Defendants listed in Schedule "A" are all transactionally related.

39. Plaintiff is claiming infringement against Defendants of Plaintiff's Patents.

40. The actions of all Defendants cause indivisible harm to Plaintiff by Defendants' combined actions engaging in similar infringing conduct when each is compared to the others.

41. All Defendants' actions are logically related. All Defendants are all engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

42. Upon information and belief, all Defendants are located in foreign jurisdictions, mostly China.

43. All Defendants undertake efforts to conceal their true identities from Plaintiff in order to avoid detection for their illegal infringing activities.

44. All Defendants have the same or closely related sources for their infringing products with some sourcing from the same upstream source and others sourcing from downstream sources who obtain infringing products from the same upstream sources.

45. All Defendants take advantage of a set of circumstances the anonymity and mass reach the internet affords to sell infringing goods across international borders and violate Plaintiff's intellectual property rights with impunity.

46. All Defendants have registered their Seller IDs with a small number of online platforms for the purpose of engaging in infringement.

47. All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

48. All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their infringing activities.

49. All Defendants can easily and quickly transfer or conceal their funds in their use payment and financial accounts to avoid detection and liability in the event that the Plaintiff's anti infringing efforts are discovered, or Plaintiff obtains a monetary award.

50. All Defendants violated one or more of the Plaintiff's intellectual property rights in the United States by the use of common or identical methods.

51. All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

52. Many of the Defendants are operating multiple internet storefronts and online marketplace seller accounts using different Seller IDs listed on Schedule "A". As a result, there are more Seller IDs than there are Defendants, a fact that will emerge in discovery.

53. Defendants' business names, i.e., the Seller ID's, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of infringements of Plaintiff's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

54. Defendants are using infringements of Plaintiff's intellectual property rights to drive

Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

55. Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Plaintiff's economic interests in the state of Illinois and causing Plaintiff harm and damage within this jurisdiction.

56. The natural and intended by product of Defendants' logically related actions is the erosion and destruction of the goodwill associated with Plaintiff's intellectual property rights and the destruction of the legitimate market sector in which it operates.

57. Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

**COUNT I – DIRECT PATENT INFRINGEMENT (35 U.S.C. § 271)**

58. Plaintiff incorporates the allegations of paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. Plaintiff owns all right, title, and interests in, and/or has standing to sue for infringement of the U.S. Patent No. ▇▇▇▇▇▇▇, entitled "▇▇▇▇▇▇" and the U.S. Patent No. ▇▇▇▇▇▇ entitled "▇▇▇▇▇".

60. Defendants are making, using, selling, importing and/or offering to sell products which infringe the design claimed in the ▇▇▇▇▇▇▇▇.

61. Defendants have infringed and continue to infringe the ▇▇▇▇▇▇▇▇ and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude

others from manufacturing, distributing, selling, offering for sale, and/or importing the patented inventions as well as the loss of sales stemming from the infringing acts.

62. Defendants' disregard for Plaintiff's patent rights similarly threatens Plaintiff's relationship with potential licensees of the Patents.

63. Defendants will derive a competitive advantage from using Plaintiff's patented design without paying compensation for such use.

64. Defendants' infringement, contributory infringement and/or inducement to infringe has injured Plaintiff and is, therefore, entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

65. Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because Defendants have notice of or knew of the ▇▇▇▇ ▇▇▇▇ and has nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products that come within the scope of the ▇▇▇▇▇▇.

**WHEREFORE**, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a. Entry of temporary, preliminary, and permanent injunctions pursuant to U.S.C. §§ 271 and 283 and Federal Rule of Civil Procedure 65 enjoining Defendants, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods using Plaintiff's ▇▇▇▇▇▇▇▇;

b. Entry of a Temporary Restraining Order, as well as preliminary and permanent

injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using infringements of the ███████████████;

  c. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods using infringements of the ███████████████;

  d. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Plaintiff's request, any messaging service and Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) registry for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller IDs.

  e. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, *inter alia*, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods using infringements of the

███████████████ via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Amazon Standard Identification Numbers ("ASIN") on Schedule "A" annexed hereto, and upon Plaintiff's request, any other listings and images of goods using infringements of the ███████████████ associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods using infringements of the ███████████████

  f. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, Defendants and any Internet marketplace website operators and/or administrators including but not limited to Amazon, Walmart, Alibaba, AliExpress, Temu and eBay who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant using infringements of the ███████████████ in his inventory, possession, custody, or control, and surrender those goods to Plaintiff.

  g. Entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public.

  h. Entry of an Order requiring Defendants to account to and pay Plaintiff damages for patent infringement in an amount to be determined by the Court pursuant to 35 U.S.C. §§ 284 and 289 which shall in no event be less than a reasonable royalty.

  i. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action, including the

cost of corrective advertising.

j.  Entry of an award pursuant to 35 U.S.C § 285 of Plaintiff's reasonable attorney's fees.

k.  Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

l.  Entry of an award of pre-judgment interest on the judgment amount.

m.  Entry of an Order for any further relief as the Court may deem just and proper.

**DATED: October 1, 2025**  Respectfully Submitted,

**REINER & REINER, P.A.**
*Counsel for Plaintiff*
9100 South Dadeland Blvd., Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com

By: _____
**DAVID P. REINER, II, ESQ.**; FBN 416400